1  Mark E. Lowary, Esq. – SBN: 168994
   David R. Casady, Esq. – SBN: 273282
2  Amanda N. Griffith, Esq. – SBN: 288164
   BERMAN BERMAN BERMAN
3  SCHNEIDER & LOWARY, LLP
   2390 Professional Drive
4  Roseville, CA 95661
   Telephone: (916) 846-9391
5  Facsimile: (916) 672-9290
   melowary@b3law.com
6  drcasady@b3law.com
   angriffith@b3law.com
7
   Attorneys for Defendant
8  KINGS CREDIT SERVICES

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 MICHAEL SMITH,                    | Case No.: 2:17-CV-2883

12        Plaintiff,                 | Los Angeles County Case No.:  17K03252

13 v.                                | **DEFENDANT KINGS CREDIT SERVICES'**
                                     | **NOTICE OF REMOVAL**
14 KINGS CREDIT SERVICES; and DOES 1 to 10,

15        Defendant(s).

16

17

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19 PLEASE TAKE NOTICE that defendant KINGS CREDIT SERVICES hereby removes to this Court,

20 the state court action described below:

21      1.      On March 15, 2017, an action was commenced in Superior Court, State of California, Los

22 Angeles County, entitled MICHAEL SMITH, Plaintiff, v. KINGS CREDIT SERVICES, Defendant,

23 as case number 17K03252.

24      2.      On or about March 20, 2017, KINGS CREDIT SERVICES was served with the Summons

25 and Complaint, attached hereto as **Exhibit A**.

26      3.      This Court has jurisdiction to hear this case because this action is a civil action of which

27 this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this

28 Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal

- 1 -

Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*, the federal Telephone Consumer Protection Act (**47 U.S.C. § 227,** *et seq.*) and, the federal Fair Credit Reporting Act (**15 U.S.C. § 1681** *et seq.*).

Dated: April 17, 2017

BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP


By /s/ *Amanda N Griffith*
Amanda N. Griffith
Attorneys for Defendant
KINGS CREDIT SERVICES

- 2 -

## CERTIFICATE OF SERVICE

I, Debbie A. Main, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 2390 Professional Drive, Roseville, CA 95661.

On April 17, 2017, I served the following document(s) on the parties in the within action:

**"DEFENDANT KINGS CREDIT SERVICES' NOTICE OF REMOVAL"**

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

Alicia McElwaine-Leto, Esq.
Wade A. Miller, Esq.
**WADE MILLER LAW**
235 East Broadway, Suite 424
Long Beach, CA 90802
Tel: (562) 352-0489
E-mail: aleto@wademillerlaw.com
E-mail: miller@wademillerlaw.com

Attorneys for
**PLAINTIFF MICHAEL SMITH**

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 17, 2017.

By. _____
Debbie A. Main

- 3 -

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Kings Credit Services; and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Michael Smith

> FOR COURT USE ONLY
> (SOLO PARA USO DE LA CORTE)
>
> CONFORMED COPY
> ORIGINAL FILED
> Superior Court of California
> County of Los Angeles
>
> MAR 15 2017
>
> Sherri R. Carter, Executive Officer/Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>Los Angeles Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*  **17 K 03252** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alicia McElwaine-Leto, Wade A. Miller, 235 E. Broadway, Suite 424, Long Beach, CA (562)437-6300

| DATE: March 14, 2017 | MAR 15 2017 | Clerk, by | SHERRI R. CARTER, Marieta Panganiban | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒☒ on behalf of *(specify)*: Kings Credit Services

   under: ☒☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Wade A. Mills SBN 208980
Alicia McElwaine Leto SBN 308804
235 E. Broadway Ste. 424, Long Beach, CA 90802

TELEPHONE NO.: 562-352-0489   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff, Michael Smith

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME:
Michael Smith v. Kings Credit Services; and Does 1 to 10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 15 2017

Sherri R. Carter, Executive Officer/Clerk
By Marieta Panganiban, Deputy

| | Unlimited | ✓ Limited | ☐ Counter   ☐ Joinder | CASE NUMBER: |
|---|---|---|---|---|
| | (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **17K03252** |
| | | | DEPT.: | JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* six
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 14, 2017
Alicia McElwaine-Leto
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). *(Cal. Rules of Court, rule 3.220.)* Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. June 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Wade A. Miller SBN 208980<br>Alicia McElwaine Leto SBN 308804<br>235 E. Broadway Ste. 424, Long Beach, CA 90802 | |

TELEPHONE NO.: 562-352-0489   FAX NO.:
ATTORNEY FOR (Name): Plaintiff, Michael Smith

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME:
Michael Smith v. Kings Credit Services; and Does 1 to 10

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): six
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: March 14, 2017
Alicia McElwaine-Leto
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Page 1 of 2

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Michael Smith v. Kings Credit Services; and Does 1 to 10 | CASE NUMBER: 17K03252 |
|---|---|

By Fax

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damaged Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Michael Smith v. Kings Credit Services; and Does 1 to 10 | |

| | | | | C/P |
|---|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 | Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 | Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 | Quiet Title | 2, 6 |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | Michael Smith v. Kings Credit Services; and Does 1 to 10 | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Michael Smith v. Kings Credit Services; and Does 1 to 10 | CASE NUMBER: |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☑ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1020 N. Hollywood Way #128 |
|---|---|
| CITY:<br>Burbank | STATE: CA  ZIP CODE: 91505 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 3/14/17

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1   Alicia McElwaine-Leto, SBN: 308804
    Wade A Miller, SBN: 208980
2   WADE MILLER LAW
    235 East Broadway, Suite 424
3   Long Beach, CA 90802
    Telephone: (562) 352-0489
4   Email: aleto@wademillerlaw.com
    Email: miller@wademillerlaw.com
5
    Attorneys for Plaintiff
6   MICHAEL SMITH

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 5 2017

Sherri R. Carter, Executive Officer/Clerk
By Marieta Panganiban, Deputy

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10                         CENTRAL DISTRICT

11

12   MICHAEL SMITH                    CASE NO:    17 K 03252

13          PLAINTIFF,
                                      COMPLAINT FOR VIOLATIONS OF THE
14      v.                            CALIFORNIA ROSENTHAL ACT; VIOLATIONS OF
                                      THE TELEPHONE CONSUMER PROTECTION ACT;
15                                    VIOLATIONS OF THE CONSUMER CREDIT
                                      REPORTING AGENCIES ACT; VIOLATIONS OF
16   KINGS CREDIT SERVICES;           THE FAIR CREDIT REPORTING ACT; AND
     AND DOES 1 TO 10                 VIOLATIONS OF CALIFORNIA BUSINESS &
17                                    PROFESSIONS CODE §17500 AND §17200
            DEFENDANTS.
18
                                      LIMITED CIVIL
19                                    (DEMAND EXCEEDS $10,000)

20
                                              By Fax
21

22

23

24

25

26

27

28

                            COMPLAINT
                                1

1    Plaintiff alleges on information and belief as follows:

2    <center>INTRODUCTION</center>

3         Plaintiff, Michael Smith ("Plaintiff"), files this civil action against Defendant, Kings Credit

4    Services ("Kings"), and Does 1 to 10 (collectively referenced as "Defendants"), for violations of

5    California's Fair Debt Collection Practices Act ("RFDCPA"), violations of the Telephone Consumer

6    Protection Act ("TCPA"), violations of the Consumer Credit Reporting Agencies Act ("CCRAA"),

7    violations of the Fair Credit Reporting Act ("FCRA"), and for violations of California Business &

8    Professions Code §17500 and §17200.

9         Defendants have engaged in relentless, deceptive, and otherwise illegal telephone harassment

10   of Plaintiff as well as using false, deceptive and/or misleading tactics and techniques in connection

11   with the collection of a debt. Defendants' actions constitute unfair debt collection practices for

12   which Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, and

13   attorneys' fees, and costs of suit.

14   <center>PARTIES</center>

15       1.   Plaintiff was, at all times relevant herein, a natural person over the age of 18 and

16   resident of Burbank, California.

17       2.   Kings was, at all relevant times herein, a company doing business in Los Angeles

18   County, with an office located at 510 N. Douty Street, Hanford, California 93230.

19       3.   At all relevant times herein Kings was a company engaged in the business of collecting

20   debts for others and therefore a "debt collector" as defined by the RFDCPA, Cal. Civ. Code

21   §1788.2(c). Kings is also a person who furnishes information to consumer reporting agencies under

22   15 U.S.C. Section 1681s-2 and California Civil Code Section 1785.25(a).

23       4.   Defendants Does 1 to 10, inclusive, are persons or entities, true names and capacities

24   presently unknown to Plaintiff, and who therefore are sued by such fictitious names, pursuant to the

25   provisions of Cal. Civ. Code. §474. Plaintiff is informed and believes and thereon alleges that each

26   named defendant perpetrated some or all of the wrongful acts alleged herein, is responsible in some

27   manner for the maters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will

28

<center>COMPLAINT

2</center>

1  seek leave of court to amend this complaint to state the true names and capacities of such fictitiously

2  named defendants when ascertained.

3      5.    Plaintiff is informed, and believes, and thereon alleges that at all relevant times, each

4  defendant was the agent, employee, representative, partner, parent company, subsidiary, or affiliate

5  of such agency, employment, representation, partnership or corporate affiliation, while doing or

6  omitting to do the acts alleged herein, and with the permission, approval, consent, and/or ratification

7  of all other defendants. The allegations against each defendant incorporate by reference the

8  allegations against each Doe defendant.

9  <div align="center">**JURISDICTION AND VENUE**</div>

10      1.    The California Superior Court has jurisdiction over this action pursuant to the

11  California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction

12  in all cases except those given by statute to other trial courts.

13      2.    This Court has personal jurisdiction over Defendants. Defendants purposely avail

14  themselves of the benefits and protections of the State of California, and/or have sufficient contact

15  with the State of California such that maintenance of this action in this locale would be consistent

16  with traditional notions of fair play and substantial justice.

17      3.    Venue is proper in the Central Courthouse in Los Angeles Superior Court, pursuant to

18  Cal. Civ. Code §395.5, because the cause, or some part of the cause, arose in Los Angeles County.

19  <div align="center">**STATEMENT OF RELEVANT FACTS**</div>

20      4.    At various and multiple times prior to the filing of the instant complaint, including

21  within the one year preceding the filing of this complaint, Defendants contacted Plaintiff in an

22  attempt to collect an alleged outstanding debt.

23      5.    Defendants' unfair collection practices arise out of an alleged debt with a High Balance

24  of $490.00 from Original Creditor Pentaluma Emergency Physician ("Pentaluma").

25      6.    Plaintiff's alleged obligation was for "personal, family, or household purposes" (15

26  U.S.C. §1692a(5)) qualifying it as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

27      7.    Subsequently, Pentaluma assigned its rights to Plaintiff's alleged debt to Defendants for

28  the purposes of collection.

<div align="center">COMPLAINT<br>3</div>

8.    Thereafter, Defendants attempted to collect monies it was not legally entitled to collect upon, reported and continued to report incorrect information on Plaintiffs' Credit Report, adding illegal additional fees each subsequent month.

9.    Plaintiff has never made a payment to Kings. The statute of limitations has passed for Defendants to collect this money without providing appropriate notice to Plaintiff.

10.    At the end of 2010, Defendants began to initiate calls to Plaintiff in connection with this alleged debt by calling Plaintiff's cell phone number (310-437-3451), while using an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

11.    Plaintiff uses his cellular telephone number ending in "3451" ("Cell") for business as well as personal use.

12.    Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

13.    Defendants' calls were placed to Cell which is assigned to a cellular telephone service which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

14.    Over the past six years, beginning on or around June 15, 2010, Defendants have continued to contact and harass Plaintiff, multiple times in one week, most recently using the phone number 408-213-1541 as shown on the Caller ID.

15.    Plaintiff revoked any and all consent to be contacted on Cell during a phone call in 2010, after Defendants repeatedly contacted Plaintiff using an "automatic telephone dialing system", bombarded Plaintiff with questions, demanded answers and insinuated Plaintiff was a liar.

16.    Defendants continued to attempt to collect monies it was not entitled to collect, threaten to take action it was not legally entitled to take, and report wrong information.

17.    On February 9, 2016, Plaintiff's TransUnion Credit Report listed Kings Credit Service with an open collection account in the amount of $783.00.

18.    On May 10, 2016, Plaintiff's TransUnion Credit Report listed Kings Credit Service as an open collection account in the amount of $795.00.

19.    On Plaintiff's TransUnion Credit Report from June 28, 2016, the alleged debt was reported with a balance of $807.00, as "updated" on June 10, 2016.

COMPLAINT
4

20.   On Plaintiff's TransUnion Credit Report from July 13, 2016, the alleged debt was reported with a balance of $807.00, as "updated" on July 10, 2016.

21.   On or around July 13, 2016, Defendants removed an open collections account in the amount of $490.00, listing "Med112 Petaluma Emergency Physician" as the Original Creditor, from Plaintiff's TransUnion Credit Report.

22.   On Plaintiff's Equifax Credit Report on August 11, 2016 and August 18, 2016, the alleged debt was reported with a balance $807.00, as "updated" on August 10, 2016.

23.   On August 18, 2016, Plaintiff's TransUnion Credit Report no longer evidenced Plaintiff as having any open account in "collections" with Defendants.

24.   However, on Plaintiff's TransUnion Credit Report from October 26, 2016, the alleged debt was reported with a balance of $819.00, as "updated" on September 10, 2016.

25.   On October 26, 2016, Plaintiff sent a fax correspondence to Defendants (fax number (559) 587-4277) which designated Wade Miller Law ("WML") as counsel, disputed the alleged debt, requested validation, and demanded all derogatory marks be removed from Plaintiffs' credit reports immediately.

26.   On or around October 26, 2016, Defendants removed an open collection account in the amount of $490.00 from Plaintiff's Equifax Credit Report from the collection agency "KCS".

27.   On November 10, 2016, Defendants sent WML a fax correspondence informing Plaintiff that it was unable to validate the account with the information provided, stating: "Kings Credit Service has received your letter of dispute, however, we have determined it to be an invalid dispute according to the Fair Credit Reporting Act 15 USC 1681s-2(a)(8) due to the following reasons: *Failure of the consumer to provide sufficient information to investigate the disputed information.*"

28.   On November 29, 2016, Plaintiff sent Defendants a second letter, addressed to 510 N. Douty St. Hanford, CA 93230, via US MAIL demanding validation of the alleged debt.

29.   On or about December 8, 2016, Defendants removed a collection account in the amount of $490.00 from Plaintiff's TransUnion account indicating "Petaluma Emergency Physician" as the original creditor.

COMPLAINT
5

30.   On February 22, 2017, Defendants willfully violated the law when it attempted to collect $5,000.00 in connection with the previously disputed debt by contacting Plaintiff on his Cell using an automatic telephone dialing system. Plaintiff again reminded Defendants to contact his attorney and provided the contact information for WML.

31.   Defendants never provided verification of the alleged debt, yet engaged in collection activities against Plaintiff, which included placing calls to his Cell after Defendants received notice not to contact Plaintiff by telephone.

32.   Defendants continued to attempt to collect the alleged debt from Plaintiff by placing a negative mark on Plaintiff's credit score showing an account being in "collections." Defendants have further wrongfully verified this debt by updating Plaintiff's Reports with an inaccurate and improper debt.

33.   Further, Defendants refused to cease calling despite Plaintiff's plea to stop the harassing calls and illegal collection efforts.

34.   Defendants' phone calls occurred with enough regularity and frequency to constitute harassment under the circumstances.

35.   Section 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

36.   Defendants' conduct violated the RFDCPA in multiple ways, including but not limited to:

   a. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. §1692d(5));

   b. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. §1692c(a)(1));

   c. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff. (Cal. Civ. Code §1788.11(d));

d. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances. (Cal. Civ. Code §1788.11(e)); and

e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff. (15 U.S.C. §1692d)).

37.   Defendants have committed several violations of the law by falsely reporting the debt on Plaintiff's credit reports in amounts Defendants are not entitled to collect; placing false derogatory marks on Plaintiff's credit reports causing Plaintiff's credit score to decrease, preventing Plaintiff from obtaining *any* form of credit, and was a contributing factor to Plaintiff's inability to secure housing.

38.   Defendants' conduct violated the TCPA by using an automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. §227(b)(A)(iii)).

39.   As a proximate result of Defendants' illegal actions, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorneys' fees in an amount to be determined at trial.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
CA CIVIL CODE §1788 *et seq.*
AGAINST ALL DEFENDANTS

**A.   DEFENDANTS VIOLATED THE ROSENTHAL ACT BY MAKING FALSE & MISLEADING STATEMENTS TO PLAINTIFF IN ATTEMPT TO COLLECT A DEBT**

40.   Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above.

41.   The RFDCPA, Civ. Code §1788 *et seq.*, was enacted in 1976 to ensure the integrity of our banking and credit industry. Civ. Code §1788.1(b). California Legislature found that "unfair or

1   deceptive debt collection practices undermine the public confidence which is essential to the

2   continued functioning of the banking and credit system and sound extensions of credit." Civ. Code

3   §1788.1(a)(2).

4       42.   Defendants had a non-delegable duty under the RFDCPA not to commit violations of

5   the law, and not to allow their agents to commit such violations, which duties Defendants

6   themselves were prohibited from violating.

7       43.   Plaintiff is a "debtor" in accordance with Civ. Code §1788.2(h), in that he is a natural

8   person from whom Defendant sought to collect a consumer debt alleged to be due and owing.

9       44.   The purported debt, which Defendants attempted to collect from Plaintiff, is a

10  "consumer debt" within the meaning of Civ. Code §1788.2(f).

11      45.   Defendants are in the business of collecting debts for others, and are therefore "debt

12  collector[s]" within the meaning of Civ. Code §1788.2(c).

13      46.   Defendants willfully and knowingly violated the RFDCPA by engaging in collection

14  activities on a debt that Plaintiff does not owe and that Defendants are not entitled to collect upon,

15  and by attempting to collect a debt, the characters of which are false and misleading.

16      47.   Plaintiff's Credit Reports indicate Plaintiff is indebted to Defendants as a result of a

17  debt owed to Pentaluma, originated in 2009. Plaintiff has not made any payments to Defendants in

18  connection to this alleged debt and now the Statute of Limitations has passed to collect on this debt.

19      48.   Defendants' false and misleading actions in attempt to collect an illegal debt from

20  Plaintiff constitute a violation of the Rosenthal Act, which entitles Plaintiff to actual damages

21  sustained, statutory damages, reasonable attorneys' fees, and costs of the action. Such damages

22  include, without limitation, resulting monetary losses and damages, and emotional distress suffered

23  by Plaintiff, which damages are in an amount to be proven at trial.

24      49.   In addition, Defendants' violations were willful and knowing, thereby entitling Plaintiff

25  to a statutory penalty of no less than $100.000 and no more than $1,000.000 pursuant to Civil Code

26  §1788.30(b). Plaintiff asserts that, given the intentional nature of Defendants' illegal activity, the

27  upper limit of $1,000.00 is warranted

28

50.    As a proximate result of the above-described violations of the RFDCPA. Plaintiff has been damaged and is entitled to collect such actual damages from Defendants pursuant to Civ. Code §1788.30(a); and reasonable attorneys' fees and costs pursuant to Civ. Code §1788.30(c).

**B.    DEFENDANTS VIOLATED THE ROSENTHAL ACT BY FAILING TO COMPLY WITH PROVISIONS OF FEDERAL FAIR DEBT COLLECTION ACT 15 U.S. C. 1692 ET SEQ.**

51.    Plaintiff incorporates by reference the allegations contained in the paragraphs above.

52.    Civ. Code §1788.17 provides that debt collectors subject to the RFDCPA, collecting or attempting to collect a consumer debt, must also comply with provisions 15 U.S.C. §§1692(b) to 1692(j), inclusive, part of the Federal Fair Debt Collection Practices Act ("FDCPA").

53.    The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." (15 U.S.C. §1692(e)).

54.    Defendants' acts and omissions constitute numerous and multiple violations of 15 U.S.C. §1692, all of which are incorporated into California law via Civil Code §1788.17. Of relevance, without limitation, Defendants violated the following FDCPA provisions: (1) 15 U.S.C. §1692(e) using false, misleading or unfair representations or means to collect a debt; (2) 15 U.S.C. §1692(e)(2) by making false representations as to the character, amount, or legal status of a debt allegedly owed by Plaintiff; (3) 15 U.S.C. §1692(e)(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; (4) 15 U.S.C. §1692(f) using unfair or unconscionable means to collect a debt; and (5) 15 U.S.C. §1692(f)(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

55.    Defendants' action in attempting to collect monies not owed was false and deceptive. A violation of 15 U.S.C. §1692(e) is a separate violation of the RFDCPA, Civ. Code §1788.17.

56.    Defendants' violations of the RFDCPA were willful and knowing, thereby entitling Plaintiff to statutory damages of not less than $100.00 nor more than $1,000.00 per person pursuant to Civ. Code §1788.30(b). Plaintiff asserts that, given the purposeful nature of Defendants' illegal activity, the upper limit ($1,000.00) of statutory damages under Civ. Code §1788.30 is warranted.

57.  As a proximate result of the above-described violations of the RFDCPA, Plaintiff has been damaged in amounts, which are subject to proof, and is entitled to collect such actual damages from Defendant pursuant to Civ. Code §1788.30(a); statutory damages pursuant to Cal. Civ. §1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. §1788.30(c).

## C. DEFENDANTS VIOLATED THE ROSENTHAL ACT BY ENGAGING IN HARASSING TELEPHONE CALLS TO PLAINTIFF IN ATTEMPT TO COLLECT AN INVALID DEBT

58.  Plaintiff incorporates by reference the allegations contained in the paragraphs above.

59.  Pursuant to the RFDCPA it is illegal for "debt collectors" to engage in a broad spectrum of proscribed conduct.

60.  Civil Code §1788.11 states no debt collector shall collect or attempt to collect a consumer debt by means of...causing a telephone to ring repeatedly or continuously to annoy the person called.

61.  The making of frequent calls itself can constitute actionable harassment under the Rosenthal Act (Civ. Code. §1788.11(e)); *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 345 (repeated unanswered calls; sufficient to state a claim) and the FDCPA (15 U.S.C. §1692d(5).

62.  Plaintiff has been receiving rude and harassing phone calls for several years, despite His repetitive demands that Defendant stop calling his cell phone.

63.  King engaged in intrusive questioning before It disclosed Its true identity to Plaintiff.

64.  King placed calls to Plaintiff which caused Cell to ring repeatedly or continuously in a manner to annoy the Plaintiff thus violating the provisions of Civ. Code §1788.11(d).

65.  Kings violated provisions of Civil Code §1788.11(e) by communicating with such frequency as to be unreasonable and constitute a harassment under the circumstances.

66.  All calls made after the 2011 call which resulted in Plaintiff hanging up the phone after revoking consent to be contacted constitute a violation.

67.  All calls made to Plaintiff after the October 26, 2016 and/or the November 29, 2016 Letter of Representation was received by Kings constitute a willful violation.

68.   As a proximate result of the above-described violations of the RFDCPA, Plaintiff has been damaged in amounts, which are subject to proof, and is entitled to collect such actual damages from Defendant pursuant to Civil Code §1788.30(a); statutory damages pursuant to Civil Code §1788.30(b); and reasonable attorneys' fees and costs pursuant to Civil Code §1788.30(c)

### D. DEFENDANTS VIOLATED THE ROSENTHAL ACT BY ATTEMPTING TO COLLECT A DEBT PAST THE STATUTE OF LIMITATIONS

69.   Plaintiff incorporates by reference the allegations contained in the paragraphs above.

70.   Defendants violated 15 U.S.C. §1692(f) by attempting to collect a debt past the statute of limitations.

71.   More than four years has passed since Plaintiff made a payment.

72.   Defendants violated the provisions of Civil Code §1788.17 by violating 15 U.S.C. §1692(f).

73.   As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts subject to proof, and entitled to collect such actual damages from Defendants pursuant to Civil Code §1788.30.

74.   Defendants' violation of the RFDCPA was willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code §1788.30(b).

### SECOND CAUSE OF ACTION
VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.*
AGAINST ALL DEFENDANTS

75.   Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

76.   Section 227(b)(1)(A) of the TCPA (47 U.S.C. §227 et seq.) provides in pertinent part that "[i]t shall be unlawful for any person...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a cellular telephone service...or any service for which the called party is charged for the call...."

77.   Section 227(b)(3)(B) of the TCPA further provides in pertinent part: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State...an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater...If the court finds that the defendant willfully or knowingly violated this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to no more than three 3 times the amount available under...this paragraph."

78.   Section 227(e)(1)(B) of the TCPA further provides that "nothing in this section...shall preempt any State law that imposes more restrictive intrastate requirements or regulations on, or which prohibits...the use of automatic telephone dialing systems..."

79.   When Defendants believed that Plaintiff owed It money, Defendants began collection activities against Plaintiff. These activities included placing calls to Plaintiff's cell phone that used prerecorded messages and an automatic telephone dialing system, after Defendant had received multiple oral requests that Plaintiff did not want to be contacted telephonically or on his cell phone.

80.   None of the calls made to Plaintiff's cell phone were for emergency purposes or made with Plaintiff's express consent.

81.   The minutes incurred by Plaintiff for these calls were counted towards the minutes Plaintiff purchased as part of His cell phone plan.

82.   Defendant's violations were negligent, or alternatively, they were willful or knowing, 47 U.S.C. §312(f)(1).

83.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 *et seq.*

84.   As a proximate result of Defendant's negligent and willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

85.  Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

86.  Plaintiff has been damaged as the proximate and legal result of Defendants' above-described acts and is entitled to receive $500 in damages for each violation multiplied by three.

### THIRD CAUSE OF ACTION
### CONSUMER CREDIT REPORTING AGENCIES ACT
### CALIFORNIA CIVIL CODE §1785.1 ET SEQ.
### AGAINST ALL DEFENDANTS

87.  Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

88.  Consumer Credit Reporting Agencies Act ("CCRAA"), *civil code §§1785.1 et seq.*, prohibits furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Civ. Code §1785.25(a). The CCRAA includes a private right of action to enforce the prohibition against supplying incomplete or inaccurate consumer credit information.. Civ. Code 1785.25(g)

89.  Section 1785.25 of the Civil Code requires that the provision of a credit report must be as accurate as possible (See *Cisneros v. U.D. Registry, Inc. (1995) 39 Cal.App.4th 548, 579.* "This means that the report violates the statute when it is misleading or incomplete, even if it is technically accurate." (*Id.;* see also *Gorman v. Wolpoff & Abramson, LLP (9th Cir. 2009) 584 F.3d 1147, 1163 [stating that a consumer report that contains technically accurate information may be deemed inaccurate if statement is presented in such a way that it creates a misleading impression].)*

90.  King reported an outstanding balance due in an amount larger than what It was legally entitled to collect which was not only inaccurate, but also misleading because King failed to send any notification that this debt was not legally enforceable.

91.  In *Venugopal v. Digital Fed. Credit Union,* when the creditor failed to report that its debt was discharged in bankruptcy or that the debt was disputed the court reasoned that the failure to report the discharge or the dispute "could have been misleading so as to materially alter the understanding of the debt" because it suggested that the account was still collectable. *(N.D. Cal. Mar. 27, 2013; 5:12-CV-06067 EJD 2013 U.S.Dist. Lexis 43829)*

92.   King has falsely reported to one or more CRA that Plaintiff owes a deficiency balance, after being notified that Plaintiff did not owe any such debt. Further, Defendants continue to report to CRAs that Plaintiff owes a deficiency balance.

93.   Defendants have committed several violations by falsely reporting the debt on Plaintiff's credit reports and possibly with other CRAs when Plaintiff is not indebted to Defendants, and by failing to include applicable debt collection notices as required by law.

94.   As a proximate result of Defendants' unlawful acts, Plaintiff has suffered and incurred actual damages, including, without limitation: damaged credit resulting in Plaintiff's inability to obtain any line of credit in addition to attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Civ. Code §1785.31(d).

95.   Defendants' violations of the CCRAA were willful, evidenced by Defendants' act of removing derogatory marks from Plaintiff's Report and subsequently adding the derogatory marks again, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court.

96.   Plaintiff has been aggrieved by Defendants' violations described herein and seeks permanent injunctive relief commanding Defendants to delete their credit reporting from Plaintiff's credit reports, and to cease all future false credit reporting with respect to Plaintiff's account.

### FOURTH CAUSE OF ACTION
#### FAIR CREDIT REPORTING ACT
#### 15 U.S.C. 1681 *ET SEQ.*
#### AGAINST ALL DEFENDANTS

97.   Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

98.   Defendants violated the FCRA by providing inaccurate information to Credit Reporting Agencies ("CRAs") and failing to investigate the reported inaccuracy on Plaintiff's Account.

99.   Congress enacted the FCRA, 15 U.S.C. 1681 *et seq.*, to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. To ensure that credit reports are accurate, the FCRA imposes certain duties on the furnishers that provide credit information to credit reporting agencies.

100. 15 U.S.C. 1681n and 1681o provides a limited private right of action that applies to 15 U.S.C. 1681s-2(b)'s requirement to investigate disputes and report inaccuracies.

101. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681(a)(c). Defendants are "furnishers" as defined by 15 U.S.C §1681s-2.

102. With respect to the furnishers [of information to consumer reporting agencies], section 623 of the FCRA imposes two general requirements: (1) the duty to provide accurate information (15 U.S.C. §1681s-2)(a)) and (2) the duty to investigate the accuracy of reported information upon receiving notice of a dispute (15 U.S.C. §1681s-2(b)). The FCRA prohibits "furnishers" from providing information to a CRA that they knew (or consciously avoid knowing) is inaccurate.

103. Beginning in 2010, Defendants provided inaccurate information to CRAs about an unverified debt that was not legally owed. By this reporting and subsequently continuously affirming this invalid debt on all credit reports through the present, Defendants violated Plaintiff's rights afforded to her under the FCRA.

104. In 2011, Plaintiff disputed the amount owed for the alleged debt. Nonetheless, Defendants continued to report to CRAs that Plaintiff account was unpaid in violation of 15 U.S.C. §1681s-2. Again recently, Plaintiff disputed the amount by written correspondence on October 26, 2016 and again on November 29, 2016.

105. When Plaintiff disputed that the alleged balance was not owed, there was an inaccuracy for Defendant to investigate as well as a bonafied dispute and information that needed to be corrected which Defendant should have reported to CRAs.

106. After Plaintiff informed Defendants of the inaccuracies of the information it had reported to the CRAs, Defendant failed to (1) properly investigate the complaint to ensure all reported information was complete, accurate and not misleading; and (2) failed to correct information that was not complete, accurate, and not missing. In particular, and without limiting the generality of the foregoing, Defendants failed to correct this information.

107. Defendants violated the provisions of the FCRA in at least the following respects: (1) by willfully and negligently failing in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

(2) by willfully and negligently failing to correct after receiving notice of information about Plaintiff which Defendants knew or should have known, was incomplete and/or inaccurate; (3) by willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation; (4) by willfully and negligently failing to conduct and adequate investigation of Plaintiff's complaints and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known or should have been known to the defendants; (5) by willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies; and (6) by willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of plaintiff's dispute and thus causing an inaccurate and incomplete credit report to the credit bureaus.

108. King violated the FCRA by inaccurately reporting the status of Plaintiff's alleged debt, and providing inaccurate information regarding Plaintiff's alleged debt to CRAs.

109. Plaintiff alleges that Defendants have willfully violated FCRA. Further, Defendants deliberately have inefficient procedures for correcting their credit files because they known that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. Defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid.

110. As a proximate result of the actions of the Defendants, Plaintiff has been damaged in an amount, which will be proven at the time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages penalties costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### MISLEADING OR DECEPTIVE STATEMENTS
### CALIFORNIA BUSINESS & PROFESSIONS CODE §17500 *ET SEQ.*
### AGAINST ALL DEFENDANTS

111. Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

COMPLAINT
16

112. In violation of California Business & Professions Code §17500, Defendants made untrue or misleading statements to the Plaintiff, which they knew or reasonably should have known were untrue or misleading at the time the statements were made.

113. These untrue, misleading and/or deceptive statements include, but are not limited to Defendant's reporting to the credit reporting agencies and subsequent verification that Plaintiff owed an outstanding debt.

### SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION LAW
### CALIFORNIA BUSINESS & PROFESSIONS CODE §17200
### AGAINST ALL DEFENDANTS

114. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 51, inclusive, as though set forth here in full.

115. Defendants have engaged in, and continue to engage in, acts or practices that constitute unfair competition as defined in Business and Professions Code §17200. These acts or practices include, but are not limited to the following:

    a. Violating Civ. Code §1788.13, part of the RFDCPA, by making misrepresentations and engaging in unlawful practices in connection with the collection of a debt, as alleged above; and

    b. Violating Civ. Code §1788.13, part of the RFDCPA, by using false, deceptive, or misleading representations or means in connection with the collection of a debt, as alleged above;

116. Defendants' acts constitute unlawful, unfair and fraudulent business acts and practices and thereby violate California Business and Professions Code §17200 *et seq*.

117. Moreover, each of Defendants' violations of the various statutes, and common law rights, as alleged above, constitutes a predicate violation, which supports a claim under the "unlawful" prong of California Business and Professions Code §17200.

118. Each of Defendants' various dishonest, bad faith, unfair and unreasonable actions and statements, as alleged above, constitute "unfair" or "fraudulent" acts or practices under Section 17200's other two prongs.

119. Defendants acted unfairly and fraudulently by: engaging in harassing phone calls without Plaintiff's express consent; placing a derogatory mark on Plaintiff's Report, and subsequently refusing to reveal to Plaintiff information regarding what this debt was for,§ and why Defendants' actions were justified.

120. As a proximate result of Defendants' various unlawful, unfair, and fraudulent business acts and practices, Plaintiff suffered substantial injuries. Accordingly, Plaintiff is entitled to equitable relief, including restitution and attorneys' fees, and any other appropriate relief authorized by Section 17200 *et seq.* of the California Business & Professions Code.

121. Defendants need only to have violated one of the provisions set forth above to be liable under this Cause of Action.

122. The above-described unlawful, unfair, or fraudulent business facts and practices engaged by Defendants continue to this day and present a threat to Plaintiff and to the general public in that Defendants failed to publicly acknowledge the wrongfulness of its actions and provide the complete relief required by statute.

123. Pursuant to California Business and Professions Code §17203, Plaintiff seeks an order of this Court prohibiting Defendants from continuing to engage in the unlawful, unfair, or fraudulent business acts and practices set forth in this Complaint, including, but not limited to: misrepresenting the amounts owed by consumers, and collecting or attempting to collect on judgments obtained by fraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

(A) Compensatory damages in an amount to be proven at trial;

(B) A statutory penalty, pursuant to Civ. Code §1788.30;

(C) A statutory penalty, pursuant to 15 U.S.C. §1692 *et seq.*;

(D) An award of statutory damages of $500.00 per violation of the TCPA determined to be negligent pursuant to 47 U.S.C. §227 *et seq.*;

COMPLAINT
18

(E) An award of statutory damages of $1,500.00 per violation of the TCPA determined to be willful pursuant to 47 U.S.C. §227 *et seq.*;

(F) Punitive damages;

(G) Injunctive relief;

(H) For reasonable attorneys' fees and costs of suit incurred herein,

(I) Pre-judgment interest to the extent permitted by law; and

(J) For any such further relief as the Court deems just and proper.

DATED: March 13, 2017

WADE MILLER LAW

By: _____

Alicia McElwaine-Leto
Attorney for Plaintiff§

COMPLAINT
19

**FILED**

LOS ANGELES SUPERIOR COURT

MAR 0 7 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

C. Casarez

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

17 K 0 3 2 5 2

| | |
|---|---|
| In re Limited Civil Jurisdiction Cases Calendared in Department 77 (Non – Collections Cases) ) ) ) ) ) ) ) | Case No.: 2nd AMENDED GENERAL ORDER |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

    Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

    1.    PLAINTIFF(S) IS/ARE ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.

    2.    The Court sets the following trial date in this case in Department 77 (7th floor, Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

TRIAL:
- Date: TRIAL: 0 9 / 1 7 / 2018 OSC: 0 3 / 1 6 / 2020 at 8:30 a.m.

Second Amended General Order – Page 1 of 4

## SERVICE OF SUMMONS AND COMPLAINT

3.    The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint.  The trial date may be continued to a later date if service is not accomplished within six months.  The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.    The summons and complaint shall be served upon the defendant(s) within three years after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).)  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).)  The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

### UNSERVED PARTIES DISMISSAL DATE

TRIAL: 09 / 17 / 2018  OSC: 03 / 16 / 2020

---

5.    No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

## LAW AND MOTION

6.    All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it

through the Court Reservation System (CRS).  All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

     7.    <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing.  To access tentative rulings, parties may go to **lacourt.org**, select "Civil" Division, and then click on "Tentative Rulings."

## EX PARTE APPLICATIONS

     8.    Ex parte applications must be noticed for 1:30 p.m. in Department 77.  All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

     9.    The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

## STIPULATION TO CONTINUE TRIAL

     10.    A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date.  If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77.  A proposed order shall be lodged along with the stipulation.  The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

     11.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the parties shall bring with them to Department 77 all of the following:

     i.    A printed Joint Statement of the Case;

ii.     Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC) see local rule 3.57;

iii.    A printed Joint Witness List disclosing an offer of proof regarding each testimony, the time expected for testimony, and the need of an interpreter.

iv.     Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v.      A printed Joint Proposed Jury Instructions, and

vi.     A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: 2/7/16

Hon. Kevin C. Brazile
Supervising Judge of Civil

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

JUN 29 2016

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases,

IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint

and other required documents, serve all named defendants with the *Notice of the Availability of Web

Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior

Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited

English proficiency and that Spanish language interpreters are available in courtrooms where limited

jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited

jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles

County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service

of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service

of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the

Presiding Judge.

DATED: June 29, 2016

CAROLYN B. KUHL
Presiding Judge

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

**Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests**

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil Jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests (http://www.lacourt.org/irud/UI/index.aspx). While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

Ծանուցում Քաղաքացիական սահմանափակ իրավազորության Մեկնաբանների գործերի հարցումների Ինտերնետ կայքէջի առկայության մասին

Լոս Անջելեսի Երի Առավել բարձր դատարանը անվճար թարգմանիչ ծառայություն է տրամադրում սահմանափակ իրավազորության Քաղաքացիական Վարույթներ դիմելիս անգլերենի սահմանափակ իմացություն ունեցող կողմերին: Իսպաներենի թարգմանիչներ մատչելի են բոլոր դատարանների շենքերում այդ պատճառով է: Ուստի, հարկավոր չէ թարգմանիչ իսպաներեն անվանող դիմել նախապես: Եթե իսպաներենի թարգմանիչ կարիք ունեք, խնդրում ենք դատական օրը տեղեկացնել դատարանի աշխատակիցներին: Անգլերեն սահմանափակ իմացություն ունեցող անհատները, իսպաներենից բացի մեկ այլ լեզվով, կարող են թարգմանիչ խնդրանք ներկայացնել նախապես իրենց դատական օրից, Դատարանի կայքէջ թարգմանիչ խնդրանքը Մեկնաբանների համար Ինտերնետ Կայքէջի (http://www.lacourt.org/irud/UI/index.aspx): Թեև դատարանն անելու իր կարն Մեծ լավագույն ջանքերը որպեսզի գտնել թարգմանիչ ձեր դատական ժամանակի եւ ամսաթվի համար, սակայն չի երաշխավոր չի կարող անմիջապես ազատ մեկ: Եթե ունեք ընդհանուր հարցեր լեզվական հասանելիության ծառայությունների վերաբերյալ հաղորդեք խնդրում ենք դիմել LanguageAccess@LACOURT.org:

**关于有限民事管辖权传译员申请网络门户的可用性通知**

在有限民事管辖权庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在所有法庭中，均有现成的西班牙语传译员。因此您不需要提前申请西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网门户(http://www.lacourt.org/irud/UI/index.aspx)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系LanguageAccess@LACOURT.org。

**통역사 신청을 위한 소액 청구 웹 포털 이용 통지**

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(http://www.lacourt.org/irud/UI/index.aspx). 법원은 심리 날짜와 시간에 통역사를 찾기위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACOURT.org.

**Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes**

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, informe al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes (http://www.lacourt.org/irud/UI/index.aspx). La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACOURT.org.

**Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên**

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (http://www.lacourt.org/irud/UI/index.aspx). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

August 5, 2016